**People of the State of Illinois, Plaintiff-Appellee,
v. Billy Drew Tinsley, Defendant-Appellant.**

**Gen. No. 69–170.**

Second District.

September 3, 1970.

John T. Beynon, Public Defender, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney of Winnebago County, of Rockford, and Gerald W. LaFayette, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The defendant, Billy Drew Tinsley, was found guilty by a jury of the crimes of attempted murder and aggravated battery, and was sentenced by the court to a term of not less than fifteen or more than twenty years in the penitentiary. On appeal, he contends that the trial court erred in admitting into evidence statements made by him to his wife, one of which was made in the presence of a police officer, and both of which were made subsequent to his indictment, without the presence of his attorney; that reversible error was committed by the court in that it allowed a defense witness to be cross-examined by the State regarding an alleged prior inconsistent statement, and thereafter the State failed to introduce evidence that the statement was actually made; and finally, that the court erred in admitting into evidence the defendant's prior record of conviction of the offense of indecent liberties with a child.

The facts of this case, as testified to by the defendant, insofar as they are relevant to this appeal are: On January 13, 1969, the defendant called the Police Department, Loves Park, Illinois, and stated that his wife was ill and needed an ambulance; that police officers went to the defendant's home and, upon being admitted, found his wife bleeding from severe head wounds; that the defendant stated that he had been out all evening and had returned home about 11:15 p. m.; that he found his wife on the floor moaning, "Don't Bob"; that at her request he helped her to the bathroom and called the police; and that he had not seen any of his children in the downstairs of the house that evening.

442

At the trial Mrs. Tinsley testified that on March 18, 1969—after the defendant had been indicted—at the request of a minister, she went to the Winnebago County jail to see the defendant; that during their conversation at the jail, he stated that he could not remember what had happened the night in question, but that he would have to stick to his story and would probably "do time"; that during the week preceding the trial she again had an occasion to talk with him outside a courtroom while a police officer was present; that at that time he allegedly reiterated that he could not remember the events of the night in question, but told her that he had seen their young son when the boy came downstairs prior to the arrival of the police. The police officer present at the time this statement was made, did not testify. There can be no question that Mrs. Tinsley's testimony severely weakened the defense in this case; however, we believe the court was correct in receiving this testimony in evidence.

 In interpreting the landmark case of Massiah v. United States, 377 US 201, 12 L Ed2d 246, 84 S Ct 1199 (1964), our Supreme Court has followed an interpretation which would exclude "post-indictment incriminating statements of an accused to government agents in the absence of counsel even when not deliberately elicited by interrogation or induced by misapprehension engendered by trickery or deception." The People v. Milani, 39 Ill2d 22, 27, 233 NE2d 398 (1968). However, it neither appears from the record before us, nor is it contended by the defendant, that his wife elicited the statements from him at the behest of the State. "The Massiah case 'did not intend to hold that all those to whom indicted persons make admissions become ipso facto government agents and that nobody to whom defendants in criminal cases make incriminating statements can testify to those statements unless counsel was pres-

443

ent when the statements were made.' " The People v. Milani, supra, 28, citing Paroutian v. United States, 370 F2d 631, 632. Massiah does not preclude the admission of the post-indictment statements made by the defendant to his wife, where it appears that she in no way elicited the statements as an agent of the prosecution.

Kenneth Crowley, a defense witness, who was employed at a Loves Park bowling alley, testified at the trial that he recalled seeing the defendant at the bowling lanes on the night in question; that the defendant arrived between 7:00 and 7:30 p. m., and was there until 8:30 or 9:30 p. m., but that he didn't know what time the defendant actually left the bowling alley. On cross-examination, the witness was asked if he remembered a conversation which he allegedly had with Officer Darrell Williams of the Loves Park Police Department, wherein he placed the defendant in the poolroom at the bowling establishment at 3:30 p. m. on the day in question. The witness said he could not recall the conversation.

■■ Officer Williams was not called to substantiate this alleged conversation. This was improper, but we cannot say that it constituted reversible error. The crimes in question took place shortly after 11:00 p. m.; the last time the witness saw the defendant in the poolroom was between 8:30 and 9:30 p. m. Mrs. Tinsley had testified that her husband came home around 9:00 p. m. We believe that the testimony of the witness, Crowley, tended to corroborate the statements of Mrs. Tinsley, the prosecution's witness.

■ Crowley also testified that he did not start work at the bowling alley until 5:00 p. m. on the day in question, and while testifying, he was unable to identify the defendant who was seated in the courtroom at the counsel table. It is not apparent to us why the prosecu-

444

tion would seek to impeach Crowley. In view of his testimony, and the minimal importance of the questions and answers constituting the supposed impeachment, we believe that the failure to prove such impeaching statements did not constitute reversible error. People v. Williams, 105 Ill App2d 25, 34, 35, 245 NE2d 17 (1969).

█ The defendant's contention that the court erred in admitting his prior conviction on charges of taking indecent liberties with a child is without merit. When a defendant elects to take the stand, his credibility, like that of any other witness, may be impeached. Evidence of a prior conviction, when properly presented, is competent, and the court must receive such evidence for the purpose of impeachment. People v. Gilmore, 118 Ill App2d 100, 104–106, 254 NE2d 590 (1969). For the foregoing reasons, the judgment is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.